1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10                            **WESTERN DIVISION**

11   JEREMY WAYNE BEAVER,              )        Case No. CV 13-609-JSL(AJW)
                                       )
12            Petitioner,              )
                                       )        **MEMORANDUM AND ORDER**
13       v.                            )        **DISMISSING PETITION**
                                       )
14   WARDEN LINDA MCGREW,              )
                                       )
15            Respondent.              )
     _____ )

16

17       Petitioner filed this petition for a writ of habeas corpus on

18   January 29, 2013.  The petition challenges a prison disciplinary

19   ruling issued on August 29, 2012. [Petition at 3 and attached pages].

20       A state prisoner is required to exhaust all available state court

21   remedies before a federal court may grant habeas relief.  28 U.S.C. §

22   2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see Duncan

23   v. Henry, 513 U.S. 364, 365 (1995)(per curiam). The exhaustion

24   requirement is satisfied when the substance of a petitioner's federal

25   claim has been fairly presented to the state's highest court.  Davis

26   v. Silva, 511 F.3d 1005, 1008-1009 (9th Cir. 2008).

27       From the face of the petition, it appears that petitioner has not

28   exhausted his state remedies as to any of the claims alleged in the

     petition. [See Petition at 2-3].  Rather, the exhibits indicate that

petitioner is in the process of completing his administrative appeals. [Petition, attached pages].  Furthermore, reference to the California Supreme Court's docket reveals no petition filed by petitioner.  <u>See</u> http://appellatecases.courtinfor.ca.gov.

Although this Court has discretion to stay mixed habeas petitions to allow the petitioner to exhaust his state remedies, <u>see</u> <u>Rhines v. Webber</u>, 544 U.S. 269, 277-278 (2005), it does not have discretion to stay a petition containing only unexhausted claims.  <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); <u>Davis v. Adams</u>, 2010 WL 1408290, *2 (C.D.Cal. 2010) (stating that a federal court cannot stay a completely unexhausted petition), <u>report and recommendation adopted</u>, 2010 WL 1408292 (C.D.Cal. 2010).

Therefore, the petition for a writ of habeas corpus is dismissed without prejudice.

**It is so ordered.**

Dated: <u>Feb 11, 2013</u>

_____
J. Spencer Letts
United States District Judge